UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHIELA ZARUBA

VERSUS

MICHAEL W. HUGHES

CIVIL ACTION

NO. 010-555-BAJ-DLD

# RULING

This matter is before the Court on a motion by defendant, Michael W. Hughes, to dismiss pursuant to Federal Rule of Civil Procedure 4(m) (doc. 10). The motion is opposed (doc. 9), and the Court has also considered the reply to the opposition (doc. 13).[1] Jurisdiction is based on 28 U.S.C. §§ 1331.

Plaintiff's counsel concedes that service was not performed on the defendant within 120 days of the filing of the complaint.[2] Counsel, however, asserts that defendant has been served and that plaintiff, Sheila Zaruba, had no fault in the failure to timely perform service. Counsel also notes that, should the Court dismiss this matter pursuant to Rule 4(m), a subsequent suit would be time-barred. (Doc. 9).

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part:

> If a defendant is not served within 120 days after the
> complaint is filed, the court- -on its own after notice to the

---

[1] The Court also notes that plaintiff's counsel filed a supplemental memorandum in opposition (doc. 12), but that document was filed without leave and will not be considered by the Court in ruling upon the motion.

[2] Plaintiff's counsel has submitted an affidavit in which he states that he failed to timely serve defendant because he has been preoccupied with alleged violations of the Louisiana Code of Professional Conduct which have been pending before the Office of Disciplinary Counsel.

> plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

The Court finds that plaintiffs' counsel has not shown good cause for the failure to serve defendants in this matter. See *Winters v, Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (stating that simple inadvertence or mistake of counsel or ignorance of the rules cannot support a showing of good cause for purposes of Rule 4(m)). However, "[e]ven if the plaintiff lacks good cause, the court has discretionary power to extend the time for service." *Milan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008). "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action.'" *Id.* (quoting, Fed.R.Civ.P. 4(m) advisory committee's note (1993)). Dismissal, even without prejudice, where plaintiff would be barred by prescription from refiling the claim is tantamount to dismissal with prejudice, which "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Id.* (quoting, *Gonzales v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)). "A district court's 'dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice.'" *Id.* (quoting, *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981) (quoting, *Durham v. Fla. East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967), and *Brown v. Thompson*, 430 F.2d 1212, 1216 (5th

Cir. 1970). Moreover, the Fifth Circuit notes that, where it has affirmed dismissals with prejudice, "'it has generally found at least one of the three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 795 F.2d 472, 474 (5th Cir. 1986)).

The Court, applying the above principles to the facts of this case, finds no evidence of any of the three factors set forth by the Fifth Circuit and concludes that the interests of justice would not be best served by dismissal of plaintiffs' claims. Moreover, despite the Court's deep concern over the failure of plaintiffs' counsel to timely serve process on defendant, the Court chooses, at this time, not to impose sanctions against counsel.

## CONCLUSION

For all of the foregoing reasons, the motion to dismiss for failure to timely serve defendant (doc. 7) is **DENIED**, and this matter is referred back to the Magistrate Judge for further proceedings.

Baton Rouge, Louisiana, March 16, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA